Attorneys for Plaintiff:
Tyler Goldberg-Hoss
CMG Law
115 NE 100th Street, Ste. 220
Seattle, WA 98125-8099
P: 206.443.8600

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUCY W. KAIRU,<br><br>              Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | Civil Case No. 22-154<br><br>COMPLAINT FOR DAMAGES |

**COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiff, by and through her attorney, Tyler Goldberg-Hoss of CMG Law, and brings this Complaint for Damages against the defendant herein and alleges as follows.

**1. IDENTIFICATION OF PLAINTIFFS**

Plaintiff LUCY W. KAIRU is a resident of the State of Washington and is qualified to bring this action.

**2. IDENTIFICATION OF DEFENDANT**

CMG LAW
115 NE 100th Street, Ste. 220
Seattle, WA 98125-8011
Tel: 206.443-8600

2.1     Sea Mar Community Health Centers (hereinafter Sea Mar) is a federally-funded medical facility in Washington State. It employs physicians, nurses and other health care providers who provide medical care to the residents of Washington State. Pursuant to 28 U.S.C. Sec. 3679, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988, medical providers of medical care at Sea Mar are considered employees of the United States while they provided medical care to plaintiff.

2.2     Sea Mar provided medical care to plaintiff through its agents and employees, who were acting at all relevant times on behalf of said entity, and therefore on behalf of the United States, which is the defendant herein, and within the scope of their employment or agency (whether actual or ostensible).

2.3     Sea Mar is a health care provider as defined by RCW 7.70.020(3).

## 3. JURISDICTION AND FEDERAL ADMINISTRATIVE PRE-FILING COMPLIANCE

3.1     In compliance with 28 CFR 14.2, plaintiff, through her attorneys, presented Standard Form 95 Claims for Damage, Injury or Death to the U.S. Department of Health & Human Services.

3.2     The U.S. Department of Health & Human Services sent a letter dated July 15, 2020 requesting additional records related to plaintiff's claim.

3.3     Plaintiff's counsel sent additional records via UPS to the U.S. Department of Health & Human Services as requested. The UPS delivery invoice is dated August 1, 2020.

Complaint for Damages - Page 2

CMG LAW
115 NE 100th Street, Ste. 220
Seattle, WA 98125-8011
Tel: 206.443.8600

3.4     Plaintiff's attorneys sent another set of records to Connie McConahy in the Claims Office of the Department of Health & Human Services, Office of the General Counsel via UPS on March 16, 2021 along with a letter indicating their understanding that all requested materials had now been submitted and to advise if any additional information was needed at that time.

3.5     More than six months have elapsed since the U.S. Department of Health & Human Services confirmed receipt of the Standard Form 95 Claim and since all relevant records were provided to said agency.

3.6     Plaintiff alleges she has exhausted all of her administrative remedies and has satisfied the claim and notice requirements of the Federal Tort Claims Act.

## 4. STATEMENT OF FACTS

4.1     Plaintiff was seen at Sea Mar in Federal Way, Washington on August 17, 2018 for a purified protein derivative / tuberculosis screening for work clearance.

4.2     On August 20, 2018, plaintiff returned to Sea Mar for interpretation of the results which were consistent with a positive test.

4.3     On August 20, 2018, plaintiff underwent a chest x-ray to screen for active tuberculosis which was read as normal, with no evidence for tuberculosis.

4.4     On August 27, 2018, plaintiff returned to Sea Mar to review the purified protein derivative test and chest x-ray results.

4.5     During the August 27, 2018 visit, Dr. Jai Jun Byeon, an employee of Sea Mar, ordered additional testing including a QuantiFERON-TB Gold, a blood test to

CMG LAW
115 NE 100th Street, Ste. 220
Seattle, WA  98125-8011
Tel: 206.443-8600

confirm the positive skin test results for tuberculosis and a comprehensive metabolic panel.

4.6 The results of the comprehensive metabolic panel collected on August 27, 2018 showed normal liver functions and the QuantiFERON-TB Gold test was positive.

4.7 On August 30, 2018, Dr. Jai Jun Byeon sent a message to Edith Musazi, MA asking that she inform plaintiff that the blood test confirmed latent tuberculosis and that she needed treatment with medication.

4.8 On September 10, 2018, Edith Musazi, MA, informed LUCY W. KAIRU that the blood test confirmed latent tuberculosis and that she needed treatment with medication. Plaintiff told Edith Musazi, MA she would call back for an appointment.

4.9 On October 24, 2018, plaintiff presented to Sea Mar to discuss the tuberculosis test results.

4.10 During this visit on October 24, 2018, Rachel Bock ARNP, an employee of Sea Mar, discussed the need for tuberculosis treatment with plaintiff and prescribed Isoniazid 300 mg a day for nine months.

4.11 On October 25, 2018, plaintiff was started on Isoniazid and given a 90 day supply, with two refills.

4.12 On February 15, 2019, plaintiff came back to Sea Mar for possible side effects of medication, including bloating, nausea, and chest pressure and was examined by Rachel Bock, ARNP.

CMG LAW
115 NE 100th Street, Ste. 220
Seattle, WA 98125-8011
Tel: 206.443.8600

4.13  During plaintiff's February 15, 2019 Sea Mar visit, Rachel Bock, ARNP prescribed Ranitidine for acid reflux but did not order any diagnostic tests, though she did order a colon cancer screening test.

4.14  From October 2018 to March 2019, Dr. Jai Jun Byeon, Rachel Bock, ARNP and unknown agents and employees of SeaMar Community Health Centers did not monitor plaintiff's liver function while she was taking Isoniazid.

4.15  On March 6, 2019, plaintiff was taken by ambulance to the Emergency Department at Highline Medical Center after she experienced a loss of consciousness.

4.16  Medical providers at Highline Medical Center evaluated her and determined she had acute liver failure.

4.17  Highline providers suspected that this was due to Isoniazid medication for tuberculosis because she had been on the medication since October.

4.18  Highline providers requested plaintiff be transferred to a facility with a hepatologist and the ability to do a liver transplant.

4.19  Plaintiff was transferred to the University of Washington Medical Center (hereinafter UWMC) and admitted on March 6, 2019 for management of acute liver failure and emergent liver transplant evaluation.

4.20  Medical providers at UWMC determined that plaintiff had not received liver monitoring since starting Isoniazid in October 2018.

4.21  Medical providers at UEMC suspected plaintiff's liver failure was due to Isoniazid because she had not been monitored since starting the medication in October, and additional workup was unrevealing for an alternate cause.

CMG LAW
115 NE 100th Street, Ste. 220
Seattle, WA 98125-8011
Tel: 206.443-8600

4.22     On March 7, 2019, plaintiff was evaluated for a liver transplant and it was determined that she was a candidate for transplantation.

4.23     On March 8, 2019, plaintiff was accepted for liver transplant candidacy. She was listed as Status 1 for fulminant liver failure due to drug induced liver injury (isoniazid), given her persistently rising INR, persistent/worsening mental status and development of some ascites (progression of liver collapse).

Plaintiff underwent a liver transplant at UWMC on March 10, 2019.

4.24     Plaintiff was placed on anti-rejections medications to prevent rejection of her transplanted organ and will need to take these medications for the rest of her life.

## 5. DATE OF OCCURANCE

5.1     The care at issue in this matter occurred on or around October 2018 to March 2019.

5.2     Plaintiff's claims accrued in March, 2019, when she learned that she had liver damage resulting from lack of monitoring of her liver during the time she took Isoniazid.

5.3     Plaintiff presented Standard Form 95 Claims for Damage, Injury or Death in April, 2020 to the U.S. Department of Health & Human Services.

5.4     The Department of Health & Human Services confirmed receipt of plaintiff's claim in the Claims Office April 27, 2020.

5.5     More than six months have elapsed since the U.S. Department of Health & Human Services confirmed receipt of the Standard Form 95 Claim and all relevant and

CMG LAW
115 NE 100th Street, Ste. 220
Seattle, WA 98125-8011
Tel: 206.443-8600

requested documents were provided to said agency, and the U.S. Department of Health & Human Services has not rejected or denied the claim submitted by plaintiff.

5.6 Plaintiff's claims are brought within the applicable statute of limitations.

## 6. NEGLIGENCE

6.1 Health care providers in Washington State have a duty to exercise that degree of care, skill, and learning expected of reasonably prudent health care providers at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances.

6.2 This includes, but is not limited to, exercising reasonable prudence with respect to monitoring for possible liver damage after prescribing Isoniazid on or around October 2018 to March 2019.

6.3 Sea Mar, through its agents and employees, including but not limited to Dr. Jai Jun Byeon and Rachel Bock, ARNP, breached this duty by failing to monitor plaintiff's liver function while on Isoniazid.

6.4 Such breach constitutes negligence.

## 7. INFERENCE OF NEGLIGENCE

7.1 The manner of injury to plaintiff and the attending circumstances are of such a character which would warrant an inference that the injuries would not have occurred if ordinary care had been exercised by Sea Mar.

7.2 The agency, instrumentality or thing which produced the injury was at all times under the control of Sea Mar when the injury occurred; plaintiff lacked control to

CMG LAW
115 NE 100th Street, Ste. 220
Seattle, WA 98125-8011
Tel: 206.443.8600

take action to avert the injury; and the injury would not ordinarily have occurred had Sea Mar exercised due care.

## 8. INFORMED CONSENT

8.1     Sea Mar, through its employees and/or agents, failed to inform plaintiff of material facts relating to treatment, such failure resulted in injuries and damages as hereinafter alleged, and such injuries and damages would not have occurred had he been fully informed and made aware of material facts relating to the treatment.

## 9. DAMAGES

9.1     As a direct and proximate result of the negligence of Sea Mar, plaintiff developed liver failure secondary to Isoniazid, which resulted in her need for a liver transplant.

9.2     It is more likely than not, had plaintiff's liver been properly and timely monitored, earlier intervention by Sea Mar's agents and employees would have resulted in Isoniazid being stopped, other drugs being substituted for tuberculosis treatment, and a liver transplant would not have been required. The negligence of defendant is a proximate cause of the need for a liver transplant.

9.3     This has resulted in plaintiff needing lifelong medical treatment and care, including anti-rejection medications due to her liver transplant.

9.4     The anti-rejections medications are associated with severe side effects.

9.5     Plaintiff has also suffered a life-expectancy decrease as a result of defendant's negligence.

CMG LAW
115 NE 100th Street, Ste. 220
Seattle, WA  98125-8011
Tel: 206.443-8600

9.6 Plaintiff will also likely need another liver transplant at some point in the future.

9.7 This has resulted in damages to plaintiff, including but not limited to pain, suffering, anxiety, emotional distress, as well as economic damages, including medical bills, all in amounts to be proven at time of trial.

## 10. EXPENSES INCURRED

10.1 Plaintiffs have incurred medical and other expenses, the extent of which will be proven at the time of trial.

## 11. WAIVER OF PRIVILEGE

11.1 Waiver of the physician-patient privilege under RCW 5.60.060(4)(b) does not waive or release any other rights or privileges, including those related to the physician-patient relationship, other than the privilege set out in the above-cited statute.

WHEREFORE, Plaintiff prays for judgment against defendant United States of America in such amount as will be proven at the time of trial, together with such other and further relief as seems just and proper in the premises.

DATED: February 5, 2022     CMG LAW

By _____
Tyler Goldberg-Hoss, WSBA #41653
Of Attorneys for Plaintiff
115 NE 100th St., Ste. 220
Seattle, WA 98125-8011
Telephone: 206.443.8600
Fax: 206.443.6904
Email: tyler@cmglaw.com