The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUCY W KAIRU,

            Plaintiff,

   v.

THE UNITED STATES OF AMERICA,

            Defendant.

Case No. 2:22-cv-00154-BJR

UNITED STATES' ANSWER TO COMPLAINT

Defendant United States of America, by and through its attorneys, Nicholas W. Brown, United States Attorney for the Western District of Washington, and Whitney Passmore, Assistant United States Attorney, hereby answers the Complaint filed by Lucy W. Kairu (hereafter, "Plaintiff"), as follows:

**1. IDENTIFICATION OF PLAINTIFF**

[Unnumbered paragraph] Defendant is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

**2. IDENTIFICATION OF DEFENDANT**

2.1    Defendant admits only that Sea Mar Community Health Centers is a medical facility in Washington State that employs physicians, nurses, and other health care providers who

UNITED STATES' ANSWER TO COMPLAINT
[2:22-cv-00154-BJR] - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

provide medical care to residents of Washington State. Defendant further admits that Sea Mar employees may be deemed to be employees of the Public Health Service under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g), for purposes of medical malpractice claims and that such claims are governed by the Federal Tort Claims Act. Except as expressly admitted, the allegations in Paragraph 2.1 are denied.

2.2   Defendant admits Plaintiff received care at Sea Mar by employees acting within the course and scope of their employment. Defendant further admits that employees providing medical care to Plaintiff are deemed to be employees of the Public Health Service. Except as expressly admitted, the allegations in Paragraph 2.2 are denied.

2.3   The allegations of Paragraph 2.3 are legal conclusions to which no response is required. To the extent a response is required, Defendant states that the law of Washington speaks for itself and its application to the facts of this case will be determined by the Federal District Court.

### 3.  JURISDICTION AND VENUE

3.1   Admitted.

3.2   Admitted.

3.3   Admitted.

3.4   Admitted.

3.5   Admitted.

3.6   Defendant admits only that Plaintiff has administratively exhausted those claims set forth in the SF-95s received by Health and Human Services on April 27, 2020. Except as expressly admitted, the allegations in Paragraph 3.6 are denied.

### 4.  STATEMENT OF FACTS

4.1   Admitted.

UNITED STATES' ANSWER TO COMPLAINT
[2:22-cv-00154-BJR] - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

|   |   |
|---|---|
| 4.2 | Admitted. |
| 4.3 | Admitted. |
| 4.4 | Admitted. |
| 4.5 | Admitted. |
| 4.6 | Admitted. |
| 4.7 | Admitted. |
| 4.8 | Admitted. |
| 4.9 | Admitted. |
| 4.10 | Admitted. |
| 4.11 | Admitted. |
| 4.12 | Admitted. |
| 4.13 | Admitted. |
| 4.14 | Admitted. |

4.15    To the extent Plaintiff attempts to summarize the content of the medical records, Defendant admits only that the medical records speak for themselves as to their content and specifically denies any allegations in the Complaint inconsistent with the content of the authenticated medical records.

4.16    To the extent Plaintiff attempts to summarize the content of the medical records, Defendant admits only that the medical records speak for themselves as to their content and specifically denies any allegations in the Complaint inconsistent with the content of the authenticated medical records.

4.17    To the extent Plaintiff attempts to summarize the content of the medical records, Defendant admits only that the medical records speak for themselves as to their content and

UNITED STATES' ANSWER TO COMPLAINT
[2:22-cv-00154-BJR] - 3

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

specifically denies any allegations in the Complaint inconsistent with the content of the authenticated medical records.

4.18  To the extent Plaintiff attempts to summarize the content of the medical records, Defendant admits only that the medical records speak for themselves as to their content and specifically denies any allegations in the Complaint inconsistent with the content of the authenticated medical records.

4.19  To the extent Plaintiff attempts to summarize the content of the medical records, Defendant admits only that the medical records speak for themselves as to their content and specifically denies any allegations in the Complaint inconsistent with the content of the authenticated medical records.

4.20  To the extent Plaintiff attempts to summarize the content of the medical records, Defendant admits only that the medical records speak for themselves as to their content and specifically denies any allegations in the Complaint inconsistent with the content of the authenticated medical records.

4.21  To the extent Plaintiff attempts to summarize the content of the medical records, Defendant admits only that the medical records speak for themselves as to their content and specifically denies any allegations in the Complaint inconsistent with the content of the authenticated medical records.

4.22  To the extent Plaintiff attempts to summarize the content of the medical records, Defendant admits only that the medical records speak for themselves as to their content and specifically denies any allegations in the Complaint inconsistent with the content of the authenticated medical records.

4.23  To the extent Plaintiff attempts to summarize the content of the medical records, Defendant admits only that the medical records speak for themselves as to their content and

UNITED STATES' ANSWER TO COMPLAINT
[2:22-cv-00154-BJR] - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

specifically denies any allegations in the Complaint inconsistent with the content of the authenticated medical records.

4.24    Defendant is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

## 5. DATE OF OCCURRENCE

5.1    Defendant admits that Plaintiff's allegations center on care received by between October 2018 and March 2019. Except as explicitly admitted, the allegations in Paragraph 5.1 are denied.

5.2    The allegations of Paragraph 5.2 are legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

5.3    Admitted.

5.4    Admitted.

5.5    Defendant admits only that at the time Plaintiff filed her Complaint, HHS had not yet acted on the administrative claim. Except as expressly admitted, Defendant denies the allegations of Paragraph 5.5.

5.6    Defendant admits only that Plaintiff's claims based on the facts set forth in the SF-95 received by HHS on April 27, 2020 were timely filed. Except as expressly admitted, the allegations in Paragraph 5.6 are denied.

## 6. NEGLIGENCE

6.1    The allegations in Paragraph 6.1 are legal conclusions to which no response is required. To the extent a response is required, Defendant states that the law of Washington speaks for itself and its application to the facts of this case will be determined by the Federal District Court. Defendant denies liability in this case.

UNITED STATES' ANSWER TO COMPLAINT
[2:22-cv-00154-BJR] - 5

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

6.2     The allegations in Paragraph 6.2 are legal conclusions to which no response is required. To the extent a response is required, Defendant states that the law of Washington speaks for itself and its application to the facts of this case will be determined by the Federal District Court. Defendant denies liability in this case.

6.3     Denied.

6.4     Denied.

### 7. INFERENCE OF NEGLIGENCE

7.1     Denied.

7.2     Defendant is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

### 8. INFORMED CONSENT

8.1     Denied.

### 9. DAMAGES

9.1     Denied.

9.2     Denied.

9.3     Denied.

9.4     Defendant is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

9.5     Denied.

9.6     Defendant is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

9.7     Denied.

//

UNITED STATES' ANSWER TO COMPLAINT
[2:22-cv-00154-BJR] - 6

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

## 10. EXPENSES INCURRED

10.1   Defendant is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

## 11. WAIVER OF PRIVILEGE

11.1   The allegations in Paragraph 11.1 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Washington State privilege law applies to an FTCA case and states that Federal privilege law governs this matter.

The remainder of Plaintiff's Complaint contains a prayer for relief to which no response is required. To the extent a response is required, Defendant denies Plaintiff's Prayer. Furthermore, the United States denies all allegations not specifically admitted above.

## AFFIRMATIVE DEFENSES

1.   Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Defendant, specifically including an informed consent claim.

2.   Defendant complied with any duties of care it may have owed Plaintiff under Washington state law.

3.   Plaintiff's recovery is limited to the damages recoverable under the FTCA.

4.   Plaintiff's recovery in this case is barred by the Washington law on comparative negligence.

5.   The damages alleged in the Complaint were not proximately caused by the negligent or wrongful acts of an agent or employee of the United States.

6.   Pursuant to 28 U.S.C. § 2678, Plaintiff is not entitled to a separate award of attorneys fees.

7.   To the extent Plaintiff is entitled to recover damages from the United States in this action, which Defendant denies Plaintiff is entitled to, the United States is entitled to a credit or

UNITED STATES' ANSWER TO COMPLAINT
[2:22-cv-00154-BJR] - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

set-off for any past or future benefits paid to or on behalf of or received by the Plaintiff, to the extent allowed under federal and state common law and statutory law.

8. Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest against the United States.

9. To the extent Plaintiff is entitled to recover future economic damages from the United States in this action, which Defendant denies Plaintiff is entitled to, the United States is entitled to a judgment for periodic payment of those damages under Wash. Rev. Code § 4.56.260.

10. Defendant asserts that it has, or may have, additional affirmative defenses that are not known to Defendant at this time but may be ascertained through discovery. Defendant specifically preserves these and other affirmative defenses as they are ascertained through discovery.

WHEREFORE, the United States respectfully requests that the Court dismiss all claims in Plaintiff's Complaint and grant it such other relief as may be just and appropriate.

DATED this 9th day of May, 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Whitney Passmore*
WHITNEY PASSMORE, FL No. 91922
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:  206-553-7970
Fax:  206-553-4067
Email:  whitney.passmore@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES' ANSWER TO COMPLAINT
[2:22-cv-00154-BJR] - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970